IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4924-L** |
| | § | |
| **ANTONIO LEDEZMA COBOS, *et al.*,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the United States' Motions for Default Judgment Against Defendants Antonio Ledezma Cobos, Individually and in His Capacity as Next Friend for J.C.B., L.A.C.B. and H.K.C.B., Minors; Karen Cobos Balderrama; and Xochitl Balderrama (Docs. 16, 24, 26), filed July 24, 2014. Also before the court is the Motion for New Trial (Doc. 28), filed September 4, 2014, by Antonio Ledezma Cobos ("Cobos") on behalf of himself; minors J.C.B., L.A.C.B., and H.K.C.B; Karen Cobos Balderrama; and Xochilt Balderrama.

After careful consideration of the motions, Plaintiff's appendices, record, and applicable law, the court **construes** Cobos's Motion for New Trial as a motion by Cobos, Individually and in His Capacity as Next Friend for J.C.B., L.A.C.B. and H.K.C.B., Minors; Karen Cobos Balderrama ("Balderrama"); and Xochilt Balderrama ("Xochitl") to set aside the Clerk's Entry of Default against them; **grants** the Motion to Set aside the Clerk's Entry of Default; **denies without prejudice** the United States' Motions for Default Against Defendants Antonio Ledezma Cobos, Individually and in His Capacity as Next Friend for J.C.B., L.A.C.B. and H.K.C.B., Minors; Karen Cobos Balderrama; and Xochitl Balderrama (Docs. 16, 24, 26); and **directs** Cobos, in his individual capacity and his capacity as the Next Friend for his minor children, J.C.B., L.A.C.B., and H.K.C.B.;

Balderrama; and Xochitl (collectively, "Cobos Defendants"), who are proceeding pro se, to file an answer or otherwise respond to the Complaint filed by the United States of America in this case by **October 30, 2015.**

Further, the court strongly recommends that the Cobos Defendants retain counsel to represent them in this case, given the complex issues raised and the relief requested in the United States of America's Complaint, including its request to foreclose on and sell the Hadley Drive Property allegedly owned by Cobos. If the Cobos Defendants elect to proceed pro se and file an answer or otherwise respond to the United States of America's Complaint, they **must** each individually sign the answer or response filed.[1] While the Cobos Defendants have the right to proceed pro se without counsel and represent themselves in this action, Antonio Ledezma Cobos cannot legally represent the other Cobos Defendants and, therefore, cannot sign papers filed in this action on behalf of the other Cobos Defendants.

I.  **Factual and Procedural Background**

On December 18, 2013, the United States of America ("Plaintiff" or "United States") filed its Complaint in this action against Cobos, in his individual capacity and his capacity as the Next Friend for his minor children, J.C.B., L.A.C.B., and H.K.C.B.; Balderrama, the daughter of Cobos; and Xochitl, the wife of Cobos. Plaintiff also named the following persons as Defendants because they are either judgment creditors of Cobos or may claim an interest in the property at issue in this

---

[1] Pleadings submitted to a court may be signed by either parties proceeding pro se or by attorneys. Pleadings may not, however, be signed by a nonattorney on behalf of another individual. *Weber v. Garza*, 570 F.2d 511 (5th Cir.1978). It is true, of course, that in certain circumstances nonattorneys may file pleadings on behalf of another as a "next friend." As a general rule, however, persons on whose behalf a next friend acts are generally minors or incompetents. *See* Fed. R. Civ. P. 17(c). According to Rule 17(c)(1), a general guardian, committee, conservator, or like fiduciary may act as a representative and sue and defend on behalf of a minor. Similar language is contained in Federal Rule of Civil Procedure 55 with respect to entry of a default judgment against minors. Accordingly, the guardian of the minor children in this case may sign on behalf of the children if they are not represented by counsel. Absent a representative to act on a minor's behalf, Rule 17 requires the appointment of a guardian ad litem by the court. Fed. R. Civ. P. 17(c)(1)(2).

**Memorandum Opinion and Order - Page 2**

lawsuit: Sandra Williams ("Williams"), Francisco Diaz ("Diaz"), and Guadalupe Zurita Ortega ("Ortega"). This civil action was brought pursuant to sections 7403 of the Internal Revenue Code to enforce tax liens against property allegedly owed by Cobos and obtain payment for the unpaid balance of federal income taxes, penalties, and interest allegedly owed by Cobos.

Plaintiff alleges in its Complaint that proper notice and demand to Cobos was made for the unpaid income tax, penalties, statutory additions, and interest assessed for the tax periods of December 31, 2005, through December 31, 2009. Plaintiff alleges that it recorded a Notice of Federal Tax Lien against Cobos in the Dallas County, Texas, real property records for each of the tax years 2005 through 2009. Plaintiff further alleges that Cobos is the owner of real property ("Hadley Drive Property") located in Dallas, Texas, and notices of the federal tax liens were filed by the Internal Revenue Service ("IRS") against the property for the tax assessments at issue in this case.

According to Plaintiff, Cobos "failed and refused to pay the income taxes, penalties, statutory interest and additions to tax, and is indebted to the United States for the amount of $160,584.37 plus interest and statutory additions after December 31, 2013," despite timely notice and demand. Pl.'s Compl. 5. Plaintiff further alleges that Cobos fraudulently transferred his interest in the Hadley Drive Property, in violation of the Texas Uniform Fraudulent Transfer Act ("TUFTA"), to his daughter Balderrama and minor children, J.C.B., L.A.C.B., and H.K.C.B., after federal taxes were assessed and liens were filed against Cobos and the Hadley Drive Property.

Plaintiff, therefore, seeks to reduce the tax assessments against Cobos to judgment, foreclose on its federal tax liens, and sell the Hadley Drive Property. Plaintiff seeks a judgment that the transfer of the Hadley Drive Property to Balderrama and Cobos's minor children, J.C.B., L.A.C.B., and H.K.C.B. was fraudulent and void under TUFTA. Plaintiff also contends that it is entitled to

and requests damages in the form of a 10% litigation surcharge pursuant to 28 U.S.C. § 3011. Plaintiff recognizes that, under 26 U.S.C. § 7403, its right to foreclose on its federal tax liens, the sale of the Hadley Drive Property, and distribution of the proceeds of such sale is subject to the court's adjudication of the interests of Williams, Diaz, and Ortega, all of whom filed answers in this case. Williams, who is proceeding pro se, is a judgment creditor of Cobos and requests that her September 30, 2008 Texas judgment of $2,620 plus postjudgment interest against Cobos be satisfied from the proceeds of any sale.

Diaz and Ortega, on the other hand, contend that they entered into a valid and enforceable contract and deed with Cobos, Balderrama, J.C.B. L.A.C.B., and H.K.C.B. on January 26, 2012, to purchase the Hadley Drive Property for $80,000, of which $37,500 was paid by them upon execution of the contract. Diaz and Ortega allege that Cobos concealed that he did not own the property free from encumbrances, and they did not learn of the government's liens against the property until after the sale. Diaz and Ortega assert that they are ready, able, and willing to perform their obligations under the contract with Cobos, but the encumbrance on the property has prevented the Cobos Defendants from completing their performance under the contract. Diaz and Ortega request a declaratory judgment declaring them the bona fide purchases of the property with equitable title to and exclusive right to undisturbed enjoyment of the property. Diaz and Ortega further request that the court declare the liens of the United States of America against the Property invalid and unenforceable.

On July 21, 2014, Plaintiff requested the clerk to enter default against the Cobos Defendants. On July 24, 2014, the clerk entered default as to these Defendants, and Plaintiff moved for default judgment against the Cobos Defendants. On September 4, 2014, Cobos filed the Motion for New Trial on behalf of himself and the other Cabos Defendants. As best as the court is able to ascertain,

Cobos contends that the debt for the unpaid taxes for the years 2005 through 2009 has been paid or settled with the IRS and no payments are due. In a one-page response, Plaintiff contends that no trial or judgment has been entered in this case, and, as a result, Cobos's motion for new trial is premature, and he is not entitled to relief under Federal Rule of Civil Procedure 59. Plaintiff further asserts that any arguments raised by Cobos with respect to his tax returns can be addressed under the IRS's administrative rules and regulations.

## II.   Discussion

Because Cobos, in his individual capacity and his capacity as the Next Friend for his minor children, J.C.B., L.A.C.B., and H.K.C.B.; Balderrama; and Xochitl are proceeding pro se, the court liberally construes the Motion for New Trial as a motion to set aside the Clerk's Entry of Default against them. A court may set aside an entry of a default for good cause shown. Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (citing Fed. R. Civ. P. 55(c)). In determining whether good cause is present to set aside a default, a court considers "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is present." *Id.* at 292 (citation and quotation marks omitted). A court also considers whether the defaulting party "acted expeditiously" to cure the default. *Id.* (citation omitted). If the court determines that a default is willful—that is, intentional failure to answer or otherwise respond—such "[w]illful failure alone may constitute sufficient cause for the court to deny [the] motion [to set aside default]." *Matter of Dierschke*, 975 F.2d 181, 184-85 (5th Cir.1992). Default judgments are "generally disfavored in the law" and "should not be granted on the claim, without more, that the defendant ha[s] failed to meet a procedural time requirement." *Lacy*, 227 F.3d at 292 (quoting *Mason & Hanger–Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir.1984)). The Fifth Circuit has adopted a policy in favor of resolving cases on the merits and against the use of

default judgments. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999); *see also Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) ("Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by the courts in extreme situations [and] are available only when the adversary process has been halted because of an essentially unresponsive party.") (internal quotations and citations omitted).

Given Cobos's contention that the debt for the unpaid taxes for the years 2005 through 2009 has been paid or settled with the IRS and no payments are due, the court concludes that a meritorious defense has been presented for the court's consideration, and Plaintiff has not presented any reason why Cobos's contention in this regard is futile or should not be considered in deciding its claims in this case. There is no evidence that the Cobos Defendants acted wilfully in failing to answer or otherwise respond to the Complaint. Further, because it does not appear from the docket or the motions for default judgment that the Cobos Defendants received notice of the Clerk's Entry of Default or the motions for default judgment against them, the court concludes that they acted expeditiously in filing their September 4, 2014 request to set aside the clerk's entry of default. Finally, the court concludes that Plaintiff will not suffer any legal prejudice in the presentation of its claims if the clerk's entry of default is set aside and the case is allowed to proceed. Accordingly, the Cobos Defendants have met their burden of establishing good cause to set aside the clerk's entry of default against them.

Moreover, as previously noted, default judgments are generally disfavored and should not be granted when the defendant merely failed to meet a procedural time requirement. The court, therefore, **grants** the Cobos Defendants' Motion to Set Aside Entry of Default and **denies without prejudice** the United States' Motions for Default Judgment Against Defendants Antonio Ledezma

Cobos, Individually and in His Capacity as Next Friend for J.C.B., L.A.C.B. and H.K.C.B., Minors; Karen Cobos Balderrama; and Xochitl Balderrama (Docs. 16, 24, 26).[2]

## III.   Conclusion

For the reasons herein stated, **construes** the Motion for New Trial (Doc. 28) as a motion by Cobos Defendants to set aside the Clerk's Entry of Default against them; **grants** the Motion to Set Aside the Clerk's Entry of Default against the Cobos Defendants (Doc. 28); **denies without prejudice** the United States' Motions for Default Judgment Against Defendants Antonio Ledezma Cobos, Individually and in His Capacity as Next Friend for J.C.B., L.A.C.B. and H.K.C.B., Minors;

---

[2] Even if the court had not set aside the Clerk's Entry of Default against the Cobos Defendants, it would have denied without prejudice Plaintiff's motions for default judgment. "A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987). A court may enter default judgment against a party and determine damages without the benefit of an evidentiary hearing when "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Leedo Cabinetry v. James Sales & Distrib., Inc.*, 157 F.3d 410, 414 (5th Cir. 1998) (internal quotation marks omitted). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). Here, the damages or amount of Plaintiff's liens is not ascertainable from the Complaint or the record because the court was unable to determine how the alleged damages or the amount of the liens were calculated. Plaintiff's pleadings and motions for default judgment both contain tables setting forth the amounts alleged to be due for the tax periods 2005 through 2009; however, the tables appear to contain conflicting information. The table in Plaintiff's Complaint indicates that $160,584.37 is the total amount due through December 31, 2013, and the amount due for 2009, based on a November 21, 2011 assessment, is $93,668.09. In support of its motions for default judgment, Plaintiff presented a table that indicates that $163,308.71 is the total amount due through August 4, 2014, and the amount due for 2009, based on a November 21, 2011 assessment, is $95,195. No explanation was given for the difference in the amounts assessed on November 21, 2011, and neither of the tables contain assessments after November 21, 2011, so it is unclear how the total amount due could have changed between December 31, 2013, and August 4, 2014. While Plaintiff's motions for default judgment is supported by the IRS's account transcripts of amounts assessed, Plaintiff does not explain, and it is not readily apparent to the court, how the total amount of $163,308.71 was arrived at using the account transcripts. Additionally, the basis for the assessed "penalties, statutory interest and additions to tax" is unclear from Plaintiff's pleadings or motions. Pl.'s Compl. 5. The basis in the proposed default judgment for Plaintiff's request to recover "penalties, statutory additions, and interest" after August 4, 2014, is also unclear, particularly if this request pertains to the recovery of anything other than postjudgment interest after entry of a judgment in this case. Additionally, the court will require more information regarding the basis for Plaintiff's request for a 10% litigation surcharge pursuant to 28 U.S.C. § 3011. Moreover, the court is not convinced that a default judgment is appropriate against Xochitl. Although Xochitl is a named as a party, the only allegation in the Complaint as to her is that she is the wife of Cobos. Plaintiff does not allege that Xochitl owns, transferred, or claims an interest in the Hadley Drive Property as Cobos's spouse or otherwise. Finally, while it submitted a copy of a military status report for each of the adult Cobos Defendants and asserts in its motions for default judgment that none of the Cobos Defendants is a member of the armed forces, Plaintiff did not file an affidavit regarding the Cobos Defendants' military status as required by the Servicemembers Civil Relief Act. 50 U.S.C. App. § 521. Accordingly, entry of a default judgment against the Cobos Defendants is not appropriate at this time based on the pleadings and record before the court.

**Memorandum Opinion and Order - Page 7**

Karen Cobos Balderrama; and Xochitl Balderrama (Docs. 16, 24, 26); and **directs** the clerk of the court to set aside the Clerk's Entry of Default against the Cobos Defendants (Doc. 22).

The Cobos Defendants shall file an answer or otherwise respond to Plaintiff's Complaint by **October 30, 2015.** *Failure to do so may result in the entry of default and a default judgment against them*. If the Cobos Defendants elect to proceed pro se and file an answer or otherwise respond to the United States of America's Complaint, they **must** each individually sign the answer or response filed. While the Cobos Defendants have the right to proceed pro se without counsel and represent themselves in this action, Antonio Ledezma Cobos cannot legally represent the other Cobos Defendants and, therefore, cannot sign papers filed in this action on behalf of anyone but himself and his minor children.

The clerk of the court is **directed** to mail a copy of this opinion to the Cobos Defendants at **7128 Hadley Drive, Dallas, Texas**, the only address the court has for these Defendants. If this is not the current address for the Cobos Defendants, Plaintiff **shall** promptly notify the court and provide a current address, if known, for the Cobos Defendants.

**It is so ordered** this 30th day of September, 2015.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge