IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Civil Action No. **3:13-CV-4924-L** |
| | § |
| ANTONIO LEDEZMA COBOS, | § |
| ANTONIA LEDEZMA COBOS as next | § |
| friend for J.C.B., L.A.C.B., H.K.C.B., | § |
| minors; KAREN COBOS | § |
| BALDERRAMA; XOCHITL | § |
| BALDERRAMA; SANDRA | § |
| WILLIAMS; FRANCISCO DIAZ; and | § |
| GUADALUPE ZURITA ORTEGA, | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Before the court is the United States' Motion for Summary Judgment ("Motion") against Antonio Ledezma Cobos ("Cobos"), in his individual capacity, and as next friend for J.C.B., L.A.C.B., and H.K.C.B;[1] Karen Cobos Balderrama; Xochitl Balderrama; Francisco Diaz ("Diaz") and Guadalupe Zurita Ortega ("Ortega") (collectively, "Defendants"); and Sandra Williams ("Williams"), filed July 17, 2017 (Doc. 63); and the United States' Motion to Dismiss Defendants Francisco Diaz and Guadalupe Zurita Ortega, filed October 2, 2017 (Doc. 66). Defendants filed no response to the motion.[2] After careful consideration of the motions, brief, appendix, record,

---

[1] Defendants J.C.B., L.A.C.B., and H.K.C.B.'s names are redacted because the United States believes these defendants are minors.

[2] Initially, Diaz and Ortega were also named as defendants; however, for the reasons later discussed by the court, they will be dismissed as defendants.

**Memorandum Opinion and Order – Page 1**

and applicable law, the court **grants** the United States's motions for summary judgment and dismissal.

I.    **Procedural Background**

On December 18, 2013, the United States filed this action against Cobos and others, seeking to reduce to judgment the unpaid federal income taxes, penalties, and interested owed by him for the years 2005, 2006, 2007, 2008, and 2009 and to foreclose its federal tax liens on property located at 7128 Hadley Drive, Dallas County, Texas (the "Property").  On November 18, 2009, the United States recorded a Notice of Federal Tax Lien against Cobos in the Dallas County Official Public Records for the 2005 and 2006 tax years; on January 10, 2013, the United States recorded a Notice of Federal Tax Lien against Cobos in the Dallas County Official Public Records for the 2007 tax year; on September 25, 2012, the United States recorded a Notice of Federal Tax Lien against Cobos in the Dallas County Official Public Records for  the 2008 tax year; on December 30, 2011, the United States recorded a Notice of Federal Tax Lien against Cobos in the Dallas County Official Public Records for the 2009 tax year.

Prior to this lawsuit, in 2010, Cobos transferred the Property to his four children, Defendants Karen Cobos Balderrama, J.C.B., L.A.C.B., and H.K.C.B.  According to the testimony of Cobos's ex-wife, Xochitl Balderrama, he moved from the property on December 29, 2009.  On September 13, 2012, the Internal Revenue Service ("IRS") filed nominee liens against Karen Cobos Balderrama, J.C.B., L.A.C.B., and H.K.C.B.  The United States's summary judgment evidence record establishes that Cobos's tax liabilities total $78, 465.33 through March 2, 2017, which the court will later set forth, plus interest and penalties.

The United States served Defendants with Complaints and Summonses in this lawsuit, and they failed to answer or otherwise respond by the deadline set forth in Federal  Rule of Civil

Procedure 12(a)(1)(a).³ In February 2009, an Abstract of Judgment lien in the amount of $2,625 was filed in the Dallas County Official Public Records in favor of Williams against Cobos. On March 13, 2014, Williams filed a document with the court that alleged lien priority over the United States's federal tax liens on the Property. The United States now moves for summary judgment.

II. **Motion For Summary Judgment Standard**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, Inc., 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant

---

³ On January 26, 2012, Cobos and his children sold the Property to Diaz and Ortega. On March 8, 2017, however, Diaz and Ortega filed Defendants Francisco Diaz and Guadalupe Zurita Ortega's Disclaimer of Interest (Doc. 58). Diaz and Ortega stated that they claim no interest in the Property and requested their dismissal as parties in this action. For this reason, the court dismisses them from this action.

bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

#### A. Cobos's Tax Liability

The United States submitted certified copies of Form 4340 Certificates of Assessments and Payments for tax years 2005, 2006, 2007, 2008, and 2009. These certificates identify all relevant assessments made by the IRS against Cobos and any credits made to such assessments. A Certificate of Assessments and Payments is admissible for purposes of summary judgment, *McCarty v. United States*, 929 F.2d 1085, 1089 (5th Cir. 1991), and is presumptive proof of a valid assessment where the taxpayer has produced no evidence to counter that presumption. *United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992) (citing *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991)); *United States v. Chila*, 871 F.2d 1015, 1018 (11th Cir. 1989). According to the Declaration of Danny Sobities, an advisor with the IRS, the balance due for the relevant tax periods though March 20, 2017 is $78, 465.64.

Although served with the United States's Motion, Defendants did not file a response to the Motions.[4] This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Cobos's failure to respond, moreover, means that he has not set forth any facts showing that there is a genuine dispute of material fact with regard to the validity or correctness of the assessments; however, the court may consider admissible testimony from the

---

[4] The United States filed its Motion on July 17, 2017. Pursuant to Local Rule 7.1(e), Defendants' responses were due on August 7, 2017.

**Memorandum Opinion and Order – Page 5**

depositions of Cobos and Xochitl Balderrama. Further, Cobos never filed an answer to the United States's Complaint.

B. **Nominee Liability**

The United States contends that Karen Cobos Balderrama, and minors J.C.B., L.A.C.B., and H.K.C.B. are nominees of Cobos and that the Property was fraudulently transferred to them while Cobos was delinquent in paying his taxes for the 2005 through 2009 tax years. The United States further contends that, because of Cobos's "fraudulent" transfer, he is the true and beneficial owner of the Property, which permits the United States to foreclose on the Property. The court agrees.

A nominee is a person who holds legal title to a property for the benefit of another. *Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000) ("A nominee theory involves the determination of the true beneficial ownership of property.") (citation omitted). A court must consider the following factors when determining nominee status:

> (a) No consideration or inadequate consideration paid by the nominee;
> (b) Property placed in the name of the nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property;
> (c) Close relationship between transferor and the nominee;
> (d) Failure to record conveyance;
> (e) Retention of possession by the transferor; and
> (f) Continued enjoyment by the transferor of benefits of the transferred property.

*Id.* at n.1 (citation omitted).

Karen Cobos Balderrama and minors J.C.B., L.A.C.B., and H.K.C.B. hold legal title to the Property as nominees of Cobos. On January 27, 2006, Cobos purchased the Property for approximately $40,000, and in 2010, he transferred the Property to his four children for one dollar. Although Cobos transferred the Property to his four children, he continued to reside at the Property,

**Memorandum Opinion and Order – Page 6**

and the transfer of the Property occurred while Cobos was delinquent in paying his taxes for the years 2005, 2006, 2007, 2008, and 2009. Moreover, a close family relationship is present, as Cobos is the father of all four "owners" of the Property. Cobos continued to reside on the Property and enjoy the benefits of the Property until December 29, 2009. The record does not establish whether Cobos recorded the conveyance to his children; however, consideration of the factors outlined above supports a nominee theory. Accordingly, the court determines that Cobos's children, Karen Cobos Balderrama, J.C.B., L.A.C.B., and H.K.C.B., hold legal title to the Property as nominees solely for the benefit of Cobos.

As Cobos has failed to present any evidence to rebut the presumption that the assessments are valid and correct, or otherwise question the validity of the assessments set forth in the Certificates of Assessments and Payments, he has not carried his burden under the applicable summary judgment standard. Accordingly, there is no genuine dispute of material fact regarding the assessments, and the United States is entitled to judgment as a matter of law as herein set forth.

C. **Defendant Williams's Interest in the Property**

The United States contends that its 2005 and 2006 federal tax lien has priority over Williams's judgment lien, Williams contends that her February 2009 judgment lien has priority over the United States's federal tax lien. If a person fails to pay any tax obligations, a lien in favor of the United States is created on "all property and rights to property, whether real or personal, belonging to such person." [5] 26 U.S.C. § 6321; *United States v. National Bank of Commerce*, 472 U.S. 713, 719 (1985). A judgment lien will have priority over a federal tax lien only if the

---

[5] "Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C § 6322.

judgment lien is perfected before the government perfects its federal tax lien by filing with the appropriate office within the state where the property is located. 26 U.S. Code § 6323(a) and (f).

Williams's judgment lien is not superior to the United States's federal tax lien for the 2005 and 2006 tax years. Williams's judgment lien was recorded in the Dallas County Official Public Records in February 2009. Under Texas law, however, a judgment lien is not valid against a homestead as long as the property remains a homestead, subject to eight exceptions, none of which applies in this case. *See* Tex. Const. art. XVI, § 50(a). Williams's judgment lien against the Property, therefore, was not valid or perfected until Cobos moved out of the Property on December 29, 2009, the date he ceased using the property as his homestead, according to his wife's testimony.

The United States's federal tax lien on the Property for the 2005 and 2006 tax years has priority over any interest that arose or attached after November 18, 2009. On June 11, 2007, the United States made assessments against Cobos for unpaid taxes for the 2005 and 2006 tax years. Following the United States's tax assessments, a federal tax lien arose against all of Cobos's personal and real property, including the Property. 26 U.S.C. § 6321; *see United States v. Simcho*, 326 F. App'x 791, 793 (5th Cir. 2009) (A court may foreclose on real property covered by the Texas homestead exception.) (citing *United States v. Rodgers,* 461 U.S. 677, 700 (1983)). On November 18, 2009, the IRS filed a Notice of Federal Tax Lien in the Dallas County Official Public Records. The IRS's Notice of Federal Tax lien filed in the Dallas County Official Public Records perfected the federal tax lien against the Property. As Williams's lien was not valid until December 29, 2009, the United States's federal tax lien for the 2005 and 2006 tax years is superior to her lien. Accordingly, the court determines that the United States's federal tax lien filed on November 18, 2009, for the 2005 and 2006 tax years is superior to Williams's judgment lien that was validated on December 29, 2009. On the other hand, Williams's judgment lien is superior to

the United States's federal tax liens for 2007, 2008, and 2009,[6] as the notices of these federal tax liens were filed after Cobos no longer claimed the Property as his homestead, which validated Williams's judgment lien.

## IV. Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Summary Judgment against Antonio Ledezma Cobos, in his individual capacity and as next friend for J.C.B., L.A.C.B., and H.K.C.B, minors; Karen Cobos Balderrama; Xochitl Balderrama; and Sandra Williams to: (1) reduce to judgment Cobos's federal tax liability, (2) foreclose federal tax liens on certain real property, the Property, herein described, and (3) allow a judicial sale of the Property to apply the proceeds of such sale to Cobos's income tax debts owed to the United States. Further, the court **grants** the United States' Motion to Dismiss Defendants Francisco Diaz and Guadalupe Zurita Ortega.

Accordingly, the court **determines** and **orders** that:

1. Cobos is indebted to the United States for his unpaid income taxes, penalties, statutory additions, and interest for the tax years 2005 through 2009 in the amount of $78, 465.33, plus penalties, statutory additions, and interest thereon after March 2, 2017, until paid at the rates set forth in 26 U.S.C. § 6601, 6621, and 28 U.S.C. §1961(c). Cobos's liabilities are set forth below:

| | Type of Tax | Tax Period | Date of Assessment | Amount Due Through March 2, 2017 |
|---|---|---|---|---|
| a. | 1040 | 12/31/2005 | 06/11/2007 | $39,616.20 |

---

[6] On January 10, 2013, the United States recorded a Notice of Federal Tax Lien against Cobos in the Dallas County Official Public Records for the 2007 tax year; on September 25, 2012, the United States recorded a Notice of Federal Tax Lien against Cobos in the Dallas County Official Public Records for 2008 tax year; and on December 30, 2011, the United States recorded a Notice of Federal Tax Lien against Cobos in the Dallas County Official Public Records for 2009 tax year.

**Memorandum Opinion and Order – Page 9**

| Type of Tax | Tax Period | Date of Assessment | Amount Due Through March 2, 2017 |
|---|---|---|---|
| b. 1040 | 12/31/2006 | 06/11/2007 | $31,515.77 |
| c. 1040 | 12/31/2007 | 12/03/2012 | $588.48 |
| d. 1040 | 12/31/2008 | 08/27/2012 | $2,683.88 |
| e. 1040 | 12/31/2009 | 11/21/2011 | $4,061.00 |

**Total Assessment: $78,465.33**

2. Applicable interest and penalties as provided by law shall be added to the total assessments set forth in the preceding paragraph.

3. The United States has valid tax liens for Cobos's taxes, that are referenced in the table in paragraph one, which encumber the Property that is located on Hadley Drive, Dallas, Texas. The Property is more particularly described as follows:

> Lot 5, in Block 2/6292 of Clove Lawn Addition, an addition to the City of Dallas, Dallas County, Texas according to the Map or Plat thereof recorded in Volume 9, Page 359, Plat Records, Dallas County, Texas.

These lien interests encumber Cobos's interest in the Property.

4. Defendant minors J.C.B., L.A.C.B., H.K.C.B., and Karen Cobos Balderamma are nominees for Cobos. Defendant minors J.C.B., L.A.C.B., H.K.C.B., and Karen Cobos Balderamma are holding legal title to the Property as nominees for Cobos. Cobos is the true, equitable, and beneficial owner of the Property.

5. The United States's federal tax liens against Cobos for tax years 2005 and 2006 are superior to Defendant Williams's judgment lien with respect to the Property. Defendant Williams

judgment lien on the Property, however, is superior to the United States federal tax liens for 2007, 2008, and 2009.

6. The United States is entitled to foreclose its federal tax liens against the Property described above, subject to Williams's judgment lien of $2,625 for the years 2007-2009, and the court will enter an order for sale of the Property either through a real estate agent acting as receiver or under 28 U.S.C. § 2001, and for the distribution of the proceeds of such sale to cover the costs of sale, the ad valorem taxes due on the Property, and the remainder going to the United States.

7. To the extent Karen Cobos Balderamma had a claim to any interest in the Property, her interest, if any, is hereby extinguished because of her failure to defend her interest, if any, in this action.

8. To the extent Xochitl Balderrama had a claim to any interest in the Property her interest, if any, is hereby extinguished because of her failure to defend her interest, if any, in this action.

9. The United States shall provide the court with proposed language that authorizes the foreclosure sale, as well as language regarding the distribution of the proceeds of the sale, by **October 13, 2017**, so that the court can include such language in its final judgment.

**It is so ordered** this 5th day of October, 2017.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge