IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4924-L** |
| | § | |
| **ANTONIO LEDEZMA COBOS,** | § | |
| **ANTONIA LEDEZMA COBOS as next** | § | |
| **friend for J.C.B., L.A.C.B., H.K.C.B.,** | § | |
| **minors; KAREN COBOS** | § | |
| **BALDERRAMA; XOCHITL** | § | |
| **BALDERRAMA; SANDRA** | § | |
| **WILLIAMS; FRANCISCO DIAZ; and** | § | |
| **GUADALUPE ZURITA ORTEGA,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Antonio Ledezma Cobos's ("Defendant") Motion for New Trial (Doc. 70), filed November 2, 2017. For the reasons herein stated, the court **denies** Defendant's Motion for New Trial (Doc. 70).

Defendant filed a motion for new trial, which is governed by Federal Rule of Civil Procedure 59(a); however, there was no trial in this matter. The Government's claims against Defendant were adjudicated by summary judgment. Defendant's Motion for New Trial is, therefore, more properly characterized as a motion to alter or amend the judgment under Rule 59(e). *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp., et al.*, 123 F.3d 336, 339 (5th Cir. 1997) (motion to alter or amend under Rule 59(e) is proper motion to contest summary judgment); *Patin v. Allied Signal Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1990) (motion to reconsider entry of summary judgment properly styled a Rule 59(e) motion).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Edionwe v. Bailey,* 860 F.3d 287, 294 (5th Cir. 2017) (citation omitted). Such motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id*. With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should

be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

On October 5, 2017, the court granted the Government's Motion for Summary Judgment and entered judgment in favor of the Government (Doc. 67). Defendant has now moved for a new trial, asserting that he is taking full responsibility of his tax debt owed to the United States, in an attempt to cancel the order to sale the property located at 7128 Hadley Drive, Dallas, Texas 75217. Defendant attached a "Form 9465 Installment Agreement Request" to the motion.

The Government opposes the motion. The Government contends that Defendant's motion is not a motion for new trial but instead a "settlement proposal." The court agrees. Although Defendant was properly served, he failed to respond to the Government's Complaint. Further, Defendant failed to respond to the Government's Motion for Summary Judgment. Defendant's motion for a new trial is an improper attempt to settle tax liabilities that were resolved to his dissatisfaction. Moreover, as noted by the Government, the court does not have the authority to consider installment agreements. This is a civil action arising under the Internal Revenue Service's laws because the United States, through the Department of Justice, filed this suit in an effort to collect Defendant's tax debts pursuant to §§ 7401 and 7403 of the Internal Revenue Code. Accordingly, only "the Attorney General or his delegate may compromise any such case after reference to the Department of Justice for prosecution or defense." 26 U.S.C. § 7122(a).

For the reasons stated herein, the court determines that Defendant has failed to establish a manifest error of law or fact, and failed to present any newly discovered evidence. Further, he has not shown that there has been an intervening change in the controlling law. Even if such basis existed, the court has no authority to entertain Defendant's motion. Accordingly, there is no basis

for the court to modify its earlier ruling. The court, therefore, **denies** Defendant's Motion for New Trial.

**It is so ordered** this 30th day of April, 2018.

*[signature]*
Sam A. Lindsay
United States District Judge